The next case is Reichert v. Perdue. Good morning, Your Honors. May it please the Court? Good morning. This is Ben Wethersloan for Appellee Sonny Perdue in his capacity as Secretary of USDA. The issue presented by this appeal is whether the district court correctly granted summary judgment to USDA on Ms. Reichert's reassignment-based claims of discrimination, gender discrimination under Title VII and age discrimination under the Age Discrimination and Employment Act. That decision of the district court was correct and should be affirmed because USDA presented substantial evidence of its legitimate non-discriminatory basis for the reassignment at issue, and Ms. Reichert failed to create a tribal issue of fact as to whether USDA's explanation was merely pretext for age and gender discrimination. Well, what about a non-adverse employment action? Are you suggesting you're conceding that there was an adverse employment action? We are not conceding that there was an adverse employment action. For the reasons stated in our Rule 28J letter, the government's USDA is no longer urging affirmance on that basis. So I'd be happy to answer questions in that regard, but otherwise I'd focus my argument today on the pretext issue. With respect to pretext, USDA offered ample evidence that Ms. Reichert was reassigned as part of a budget-based reorganization of an entire national forest. This is the Green Mountain National Forest located in central Vermont. She had been an employee there since 2001, and this reorganization was developed and implemented over the course of several years, culminating in her reassignment in 2014. The record reflects that the reorganization was developed after much workforce analysis and budget analysis. The record is full of forest leadership team meetings to this effect. There's evidence that there was a greater impact on women? That's true, Your Honor. Yes, there was. And how do you respond to that? How do you deal with that? Well, if you look at the basis for the actual employment actions at issue, I think it shows that the actions were gender neutral and age neutral. While the entire forest was affected by the reorganization, and there were many changes across the various different staff areas of the forest, it's true that the employees that were displaced, in other words reassigned, the vast majority of them were in what was called the public services staff area. And a civil rights impact analysis that's included in the record showed that that staff area was 80% female. Moreover, if you look at the positions at issue, there isn't really a comparator analysis that lends itself to thinking that there was a bias here, an unlawful bias. For example, Ms. Reichert held the position of forest planner. There was only one forest planner position on the forest, and so it's not as though there was a male colleague or a colleague under the age of 40 who held that same position and retained the job. So the USDA offered, I think, ample evidence that this reorganization went into effect after much analysis, and ultimately 11 positions were eliminated from the forest organization, including that forest planner position that I just alluded to. Ms. Reichert doesn't dispute that she was reassigned as part of this large-scale reorganization, nor does she dispute that there were 10 other positions that were eliminated. As I understand it, the crux of her argument is that there was no budgetary justification or workforce analysis that supported the reorganization. That argument simply is not supported by the record. In fact, I think the budget argument in particular, as it's raised in her brief and her reply brief, is somewhat of a red herring. Ms. Reichert would focus the Court's attention on the overall forest budget, and I believe she says that the overall forest budget remained relatively stable in the years leading up to this reorganization. But if you look at the very spreadsheet, budget spreadsheet, that on which Ms. Reichert relies, in fact, she was the first to submit it as an attachment to her underlying grievance before this litigation was even commenced. That spreadsheet clearly shows that the budget line item that funds forest planning and in particular the forest planner salary decreased dramatically in the years leading up to the reorganization. From 2008 to 2012, that budget, it looks like it decreased by 60 percent. I believe in our brief we, based on a math error, said more than 40 percent. If you look at the numbers, it's actually 60 percent. Ms. Reichert doesn't dispute that. When she references this point in her brief, she simply finds clever wording to suggest that the overall budget remained the same and that a secondary line item was not the primary source of funding. I'd also say that her suggestion that the budget was not an issue is belied by her own remarks. There are a number of pieces of evidence in the record in which Ms. Reichert herself acknowledges the budget issue. I think one of the most interesting pieces of evidence is a report and recommendation, a piece of workforce analysis that Ms. Reichert and the other members of what was referred to as the NEPA planning team or suborganization. In December 2011, they submitted a report to the forest leadership team in which they essentially acknowledged that beginning in 2012, that subgroup of the forest would begin operating at a budget deficit and that budget deficit would increase over the next several years. And yet, when recommending to the forest what the staffing should be, they still recommended a particular staffing that would not match with that forest budget. I see that I'm close on time, so I'll sum up by pointing the Court's attention to one other damning piece of evidence. In fact, I find it the most salient piece of evidence in the case. In May 2011, the forest leadership team, and in particular the forest supervisor, who is the head of this particular forest, her executive assistant reached out to Ms. Reichert and essentially said, as you know, we have serious concerns about the budget. We'd like your feedback about creative solutions. We're going to be discussing this during forest leadership team meetings. Ms. Reichert responded to the executive assistant with a CC to the forest supervisor and essentially recommended expressly in that email the very consolidation of positions on which she now sues. She recommended that the forest planner position could be consolidated with what's called a NEPA coordinator position. That is what unfolded. That's why we're here in court today. And yet she claims there was no justification for that issue. I think that that's completely belied by the record. She also acknowledged at her deposition that this is the very manner in which the Green Mountain National Forest was organized prior to her hire, and she also acknowledged in that email and at deposition that this is the way in which a number of other national forests are organized. It seems to me that it certainly is a rational basis upon which to eliminate the forest planner position, and that's why the USDA did so. Unless the Court has any questions, I'll rest on my brief. Thank you.